**IN THE UNITED STATES DISTRICT COURT**
                    **FOR THE DISTRICT OF MARYLAND**

```
HEATHER THOMPSON SHAI              :
                                   :
v.                                 :   Civil Action No. WMN-02-335
                                   :
COMSYS INFORMATION                 :
 TECHNOLOGY SERVICES, INC.         :
```

### MEMORANDUM

On December 23, 2002, this Court issued a Memorandum and Order granting Plaintiff's motion to amend her complaint, but also dismissing several of the claims in that amended complaint. Specifically, the Court dismissed Plaintiff's claims for disability discrimination and retaliation under the Montgomery County Code, her retaliation claim under the Americans with Disabilities Act, and her discriminatory discharge and retaliation claims under the Family and Medical Leave Act [FMLA]. Plaintiff has now filed a motion asking the Court to reconsider its dismissal of the FMLA claims from the amended complaint. In the alternative, Plaintiff submits a proposed Second Amended Complaint[1] that more artfully states two different causes of action under the FMLA: Count II - Interference in Violation of FMLA; and Count III - Discharge in Violation of FMLA. The Court will grant the motion to amend.

---

[1] Prior to the Court's previous ruling, Plaintiff filed two different proposed amended complaints. The Court granted leave as to the second of those proposed amended complaints which then became the "First Amended Complaint." While Plaintiff captions the amended complaint which she currently proposes as the "Third Amended Complaint," it is more properly denominated the "Second Amended Complaint."

As set out in more detail in this Court's previous opinion, Plaintiff was terminated from her position with Defendant after she had used nine weeks of FMLA leave. In Count II of the proposed Second Amended Complaint, Plaintiff alleges that Defendant, in violation of 29 U.S.C. § 2615(a)(1) of the FMLA, interfered with her FMLA rights by denying her the three remaining weeks to which she was entitled. Second Amended Complaint at ¶ 46. The Court finds these allegations sufficient to state a claim under an FMLA's "interference" or "entitlement" theory. See Parker v. Hahnemann University Hosp., 234 F.Supp.2d 478, 485 (D.N.J. 2002).[2]

In Count III, Plaintiff now alleges that Defendant discharged her "because she had requested and was using leave granted under the FMLA." Id. at ¶ 50. Defendant acknowledges that this is sufficient "magic language" to state an FMLA retaliation claim. Nevertheless, Defendant urges the Court to "pierce the boilerplate language" of Plaintiff's pleading and asks that the Court grant Defendant summary judgment as to this claim. In support of that request, Defendant

---

[2] As the Court has previously observed, there is no absolute bar to discharging an employee while that employee is on FMLA leave. See December 23, 2002 Memorandum at 13. An employee on FMLA leave has no greater rights than an employee not on such leave, and an employer can avoid FMLA liability by establishing that the employee would have been laid off even had she been working at the time. See, id. This is an affirmative defense, however, for which Defendant bears the burden of proof, and Defendant's assertion of the defense is not grounds to deny the motion to amend, or to grant a motion to dismiss this claim.

submits the affidavit of David Raff, Plaintiff's supervisor, in which he states that it was his decision to terminate Plaintiff and, at the time that he made that decision, he had no knowledge of Plaintiff's use of FMLA leave.  Raff Aff. at ¶ 3.

While Raff's affidavit, standing alone, might justify summary judgment for Defendant, Plaintiff has countered with her own affidavit in which she states that she discussed with Raff her need for FMLA leave, and gave him regular reports during her leave about her medical problems, her work status and her intention to return to work.  Plaintiff's Aff. at ¶¶ 14, 15.  The Court finds Plaintiff's affidavit sufficient to create a genuine dispute of fact as to this material issue, rendering summary judgment inappropriate.

Plaintiff's motion for leave to amend the complaint will be granted.  A separate order consistent with this memorandum will issue.

/s/

William M. Nickerson
Senior United States District Judge

Dated: April 28, 2003