IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

HEATHER THOMPSON SHAI,

      Plaintiff

    v.                        Case No. WMN 02-CV-335

COMSYS INFORMATION
TECHNOLOGY SERVICES, INC.,

      Defendant

ANSWER AND AFFIRMATIVE DEFENSES
TO SECOND AMENDED COMPLAINT

Defendant Comsys Information Technology Services, Inc. ("COMSYS"), by

undersigned counsel, hereby answers the Second Amended Complaint[1] ("the

Complaint") filed by Plaintiff Heather Thompson Shai ("Ms. Shai") in the above-

captioned matter.

FIRST DEFENSE

Answering the numbered Paragraphs of the Complaint, COMSYS states as

follows:

---

[1]      By Order of the Court dated April 28, 2003, the Proposed Third Amended
Complaint filed on or about January 2, 2003 is deemed to be recaptioned as the Second
Amended Complaint.

1.      Paragraph 1 of the Complaint merely characterizes the Complaint, which speaks for itself.[2]  As such, no response is required or provided.

2.      It is denied that Ms. Shai suffers from a disability within the meaning of the Americans With Disabilities Act ("the ADA").  COMSYS lacks sufficient information either to admit or to deny the other allegations of Paragraph 2.

3.      Admitted.

4.      It is admitted that Ms. Shai began employment with COMSYS in April 1999.  It is denied that Comsys terminated Shai on July 13, 2001; the actual date of termination was July 12, 2001.

5.      Admitted, as to all relevant times.

6.      Paragraph 6 being merely the adoption and incorporation of earlier Paragraphs, no answer is required or provided.

7.      Paragraph 7 of the Complaint merely characterizes the Complaint, which speaks for itself.[3]  As such, no response is required or provided.

8.      Paragraph 8 being merely the adoption and incorporation of earlier Paragraphs, no answer is required or provided.

---

[2]      It is noted that Paragraphs 1 and 7 reference certain theories which have been eliminated on earlier Motions to Dismiss.  Nothing further is alleged with respect to these theories, but to the extent any substantive allegations are intended, they are denied.

[3]      See preceding Note.

2

9.      It is admitted that Ms. Shai filed an administrative charge of discrimination with the EEOC's Baltimore office.  However, it appears that the date was September 27, 2001, and therefore the allegation that the date was on or about September 24, 2001 is denied.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     It is admitted that Ms. Shai had discussions with David Raff concerning her alleged sleeping problems.  It is denied that these discussions occurred in March 2001. The balance of Paragraph 11 is denied.

14.     Denied.  It is also denied that a physical condition which limits working constitutes a disability within the meaning of the Americans with Disabilities Act.

15.     Because of the December 23, 2002 Order of the Court striking all allegations concerning failure to accommodate, COMSYS disputes the relevance of Paragraph 15 to any viable cause of action.  However, to the extent Paragraph 15 relates to any viable cause of action, it is denied.

16.     It is denied that Ms. Shai at any time requested accommodation, or that the issue is of relevance in this case, in view of the Court's Order of December 23, 2002. COMSYS can neither admit nor deny the last sentence of Paragraph 16.

17.    It is admitted that Ms. Shai applied for disability benefits, and that under COMSYS' policy, FMLA leave, if applied for, was granted at the same time as short-term disability commenced, and that Ms. Shai's FMLA disability benefits did begin concurrently with Ms. Shai's short-term disability leave.  However, it is denied that Ms. Shai's short-term disability benefits "were due to expire at the end of July 2001," as of the time of her initial application.  It is admitted that, as a result of reapplications for benefits, her short-term disability benefits eventually came to be due to expire at the end of July 2001.

18.    It is admitted that Ms. Shai was terminated and that her short-term disability benefits and FMLA benefits were similarly terminated, on July 12, not July 13, 2001.  It is admitted that Ms. Shai would then be eligible to apply for long-term disability benefits, but COMSYS adds that Ms. Shai was deemed not eligible to receive them.  All other allegations of Paragraph 18 are admitted.

19.    It is admitted that if Ms. Shai was still employed by COMSYS, she would still have been entitled, as of July 12, 2001, to some period of FMLA leave.  It is denied that COMSYS merely "claims" that Ms. Shai was terminated because of downsizing; it is admitted that this was the real reason.  Over the spring and summer of 2001 a number of employees were terminated for this reason.  It is denied that any maneuvering or bad faith accompanied the selection of Ms. Shai for termination.  It is admitted that she was the least senior Consultant Service Manager on the MCI account.

20.     COMSYS lacks sufficient information to admit or deny allegations regarding the accounts on which Ms. Shai was working, or concerning the Concert account.  It is admitted that COMSYS was aware in April 2001 that the number of billable consultants needed to service the MCI account was declining significantly.

21.     COMSYS lacks sufficient information either to admit or to deny Paragraph 21.

22.     It is denied that the transfer of "the least senior consultant service manager from the MCI account" occurred "after Ms. Shai took short-term disability/FMLA leave in May 2001."  It is admitted that Ms. Shai was the least senior Consultant Service Manager on the MCI account on the date of her termination.  The balance of Paragraph 22 is denied.

23.     Denied.

24.     COMSYS lacks sufficient information either to admit or to deny Paragraph 24.

25.     COMSYS lacks sufficient information either to admit or to deny Paragraph 25.

26.     COMSYS lacks sufficient information either to admit or to deny Paragraph 26.

27.     COMSYS lacks sufficient information either to admit or to deny Paragraph 27.

28.    COMSYS lacks sufficient information either to admit or to deny Paragraph 28.

29.    COMSYS lacks sufficient information either to admit or to deny Paragraph 29.

30.    COMSYS lacks sufficient information either to admit or to deny Paragraph 30.

31.    COMSYS lacks sufficient information either to admit or to deny Paragraph 31.

32.    COMSYS lacks sufficient information either to admit or to deny Paragraph 32.

33.    COMSYS lacks sufficient information either to admit or to deny Paragraph 33.

34.    COMSYS lacks sufficient information either to admit or to deny Paragraph 34.

35.    COMSYS lacks sufficient information either to admit or to deny Paragraph 35.

36.    COMSYS lacks sufficient information either to admit or to deny Paragraph 36.

37.    COMSYS lacks sufficient information either to admit or to deny Paragraph 37.

38.    COMSYS lacks sufficient information either to admit or to deny Paragraph 38.

39.    COMSYS lacks sufficient information either to admit or to deny Paragraph 39.

40.    COMSYS admits that it was aware at the time of discharging Ms. Shai that she was on short-term disability benefits.  It is denied that these benefits "included her leave under FMLA."

41.    Paragraph 41 being merely the adoption and incorporation of earlier Paragraphs, no answer is required or provided.

42.    Denied.

43.    Denied.

44.    Denied.

WHEREFORE, all relief prayed under Count I should be denied.

45.    Paragraph 45 being merely the adoption and incorporation of earlier Paragraphs, no answer is required or provided.

46.    It is admitted that COMSYS discharged Ms. Shai on July 12, 2001.  The balance of Paragraph 46 is denied.

47.    Denied.

48.    Denied

WHEREFORE, all relief prayed under Count II should be denied.

49.     Paragraph 49 being merely the adoption and incorporation of earlier Paragraphs, no answer is required or provided.

50.     It is admitted that COMSYS discharged Ms. Shai on July 12, 2001. The balance of Paragraph 50 is denied.

51.     Denied.

52.     Denied.

WHEREFORE, all relief prayed under Count III should be denied.

## SECOND AFFIRMATIVE DEFENSE

Ms. Shai is not disabled within the meaning of the ADA.

## THIRD AFFIRMATIVE DEFENSE

Ms. Shai was not a qualified individual within the meaning of the ADA.

## FOURTH AFFIRMATIVE DEFENSE

Ms. Shai was not terminated because of a disability.

## FIFTH AFFIRMATIVE DEFENSE

Ms. Shai was not terminated because of alleged difficulties with sleeping.

## SIXTH AFFIRMATIVE DEFENSE

Ms. Shai was not terminated because of her status as being on leave.

## SEVENTH AFFIRMATIVE DEFENSE

Ms. Shai was terminated because there was not sufficient work available to justify from an economic standpoint COMSYS keeping her employed.

8

EIGHTH AFFIRMATIVE DEFENSE

Ms. Shai was not terminated because she was making use of FMLA leave.


_____/s/_____

Jack L. B. Gohn, Bar No. 02823
Gohn, Hankey & Stichel, LLP
Suite 2101
201 North Charles Street
Baltimore, Maryland 21201
Telephone: 410-752-0412
Telecopier: 410-752-2519
jgohn@ghsllp.com
Attorney for Defendant COMSYS
Information Technology Services, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May, 2003, a copy of the

aforegoing was mailed, postage prepaid, to:

Douglas Taylor, Esq.
Mary Henry, Esq.
Farber Taylor, LLC
1 Central Plaza
11300 Rockville Pike, Suite 808
Rockville, Maryland 20852-3010


_____/s/_____

Jack L. B. Gohn


0004401.wpd


9