AUG-26-2003 09:06    GOHN HANKEY & STICHEL LLP    410 752 2519    P.02

**GOHN,
HANKEY &
STICHEL, LLP**

*201 North Charles Street
Suite 2101
Baltimore, Maryland 21201
410-752-9300
Fax 410-752-0893*

*Jack L. B. Gohn
Direct Dial: 410-752-0412
JGohn@ghsllp.com*



August 26, 2003

**BY TELECOPIER AND FIRST-CLASS MAIL**

R. Douglas Taylor, Jr., Esq.
Farber Taylor, LLC
One Central Plaza
Suite 808
11300 Rockville Pike
Rockville, Maryland 20852

Telecopier: 301-770-3927

Re: <u>Shai v. Comsys</u>
Civ. No. WMN-02-335

Dear Douglas:

Please consider this letter a formal offer of judgment under Rule 68, F.R.Civ.P. While this letter can of course be offered in evidence in any proceedings under Rule 68, everything said here is without prejudice for purposes of evidence before the finder of fact as to questions of liability.

COMSYS is willing to offer judgment in the amount of $10,000, including costs now accrued.

We believe this is a generous offer, given your client's slim likelihood of prevailing, and her equally slim likelihood of obtaining substantial attorney's fees if she does prevail.

You must acknowledge that you have no claims arising out of anything but Ms. Shai's termination. Failure to accommodate was eliminated from the case by Judge Nickerson's rulings. You do not, as a matter of the law of the case, have a claim that Ms. Shai should have been allowed to work with accommodation up until the date of her termination, no matter how culpable Comsys' failure to accommodate could have been. Moreover, you do not have a claim for consequential damages to Ms. Shai's later career resulting from that alleged failure to accommodate.

AUG-26-2003 09:06   GOHN HANKEY & STICHEL LLP   410 752 2519   P.03

GOHN,
HANKEY &
STICHEL, LLP

R. Douglas Taylor, Jr., Esq.
August 26, 2003
Page 2

All you have, at most, are claims arising from Ms. Shai's termination. But for Ms. Shai to be a candidate for any damages thereunder, she would have had to have been ready, willing and able to work the day after her termination (or, for FMLA purposes, the day after her maximum FMLA leave ran out). Her own doctors have clearly reported that she was not. This means that the maximum lost wages for which Ms. Shai could be eligible would be the approximately three weeks short-term disability she would have accrued had she continued to collect STD during the period between her termination and the expiration of her maximum FMLA period. Needless to say, our offer of judgment is for a sum approximately double STD for that period plus interest and costs.

And that fact, in turn, means that you are highly, highly, highly unlikely to collect substantial attorney's fees. You must be aware of the precedent from the Fourth Circuit (and indeed the District of Maryland) which often limits reasonable attorney's fees to the amount recovered. You must also be aware that in the Fourth Circuit where it is foreseeable that damages will be zero or negligible, attorney's fees are sometimes denied. You should also be aware of Fourth Circuit precedent that FMLA does not support nominal damages, and that a party showing only nominal damages under FMLA is not a prevailing party for attorney's fees purposes.

I would therefore propose that you consider the accompanying offer of judgment adequate, no matter how far short of your client's hopes it may fall. And the offer, as provided by Rule 68, is only good for ten days.

I look forward to hearing from you.

Very truly yours,

Jack L. B. Gohn

0004527.wpd

TOTAL P.03