**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| HEATHER THOMPSON SHAI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. WMN 02-CV-335 |
| ) | |
| COMSYS INFORMATION TECHNOLOGY ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**PETITION FOR ATTORNEY'S FEES**

Plaintiff, Heather Thompson Shai ("Ms. Shai"), by and through counsel, Mindy G. Farber, R. Douglas Taylor, Jr., Mary E. Henry, and Farber Taylor, LLC, respectfully submits this memorandum of points and authorities in support of her petition for attorney's fees. Ms. Shai states as follows:

**INTRODUCTION**

On August 26, 2003, the defendant, Comsys Information Technology Services, Inc. ("Comsys"), through counsel, submitted to Ms. Shai a written Offer of Judgment in the amount of $10,000.00 including costs. See Fed. R. Civ. P. 68. Within ten days, Ms. Shai accepted the Offer of Judgment in writing. Id. The Court entered Judgment against Comsys and in favor of Ms. Shai on September 24, 2003.

Comsys has aggressively fought this litigation at every step, making this litigation expensive and time-consuming for Ms. Shai, who has limited resources. Comsys did not engage in meaningful settlement negotiations, despite a number of good faith attempts by Ms. Shai to settle this case.

**PROCEDURAL BACKGROUND**

On January 31, 2002, Ms. Shai, *pro se*, filed her initial law suit against the defendant, averring that the Comsys, her former employer, had discriminated against her in violation of the Americans with Disabilities Act and had retaliated against her as a result of her disability and request for an accommodation of her disability. Ms. Shai effectuated service of process upon Comsys on May 23, 2002.

On or about June 11, 2002, Comsys, in lieu of answering the complaint, filed a motion to dismiss, alleging that Ms. Shai had not identified her disability with enough specificity and had failed to exhaust her administrative remedies with respect to the company's failure to accommodate and retaliation against her. Ms. Shai filed an opposition to the motion to dismiss.

Ms. Shai also requested leave of the Court to amend her original complaint. In an Order dated December 23, 2002, the Court denied Comsys' motion to dismiss and Ms. Shai's first motion to amend as moot. The Court then treated Ms. Shai's second motion to amend as a supplemental motion to amend, considering the defendant's opposition to that motion as a motion to dismiss. With this, the Court granted Ms. Shai's second motion to amend, but dismissed counts II through VI of her proposed second amended complaint. Comsys filed an answer to Count I.

On January 7, 2003, Ms. Shai filed a motion requesting reconsideration of the Court's December 23, 2002 decision. Ms. Shai also filed a motion for leave to again amend her complaint. Comsys filed an opposition to Ms. Shai's request for reconsideration and for leave to amend. Comsys also filed a motion for summary judgment, even in the absence of pre-trial discovery. Ms. Shai responded to Comsys's opposition to reconsideration and motion for summary judgment.

In January 2003, Ms. Shai initiated discovery by serving a request for production of

documents on Comsys. Likewise, Comsys served Ms. Shai with discovery requests in the form of interrogatories and requests for production of documents. Comsys then filed a motion for protective order regarding Ms. Shai's document request, which Ms. Shai opposed. The Court granted Comsys's request for a protective order. On April 28, 2003, the court granted Ms. Shai's motion for reconsideration and motion for leave to amend her complaint to allow two counts under the Family and Medical Leave Act. Comsys filed an answer and the Court issued a revised Scheduling Order. The parties began the discovery process in earnest at this time.

Prior to the Court's Order of April 28, 2003, Ms. Shai made an offer to settle this case to Comsys. Comsys responded with a counteroffer no different that its initial settlement offer to Ms. Shai when it terminated her. No further settlement discussions took place between the parties until July 2003 when Ms. Shai suggested mediation. The parties jointly participated in a mediation on July 29, 2003, which did not result in a resolution of the case because of an erroneous assumption on the parameters of the mediation by Comsys. The parties continued with the discovery process with depositions,[1] scheduling of depositions,[2] and retention of experts[3]. The parties canceled the scheduled depositions after Ms. Shai accepted the Offer of Judgment.

## ARGUMENT

Under the American with Disabilities Act (ADA) and the Family and Medical Leave Act

---

[1] Comsys scheduled records depositions for Dr. Daniel Levine, Dr. Helen Emsellum, Dr. David Neubauer, Rebecca Acklin (Ms. Shai's counselor), and Karen Murtagh. Ms. Shai's counsel did not attend these depositions.

[2] At the time Ms. Shai accepted the Offer of Judgment, the parties had scheduled Ms. Shai's deposition and the depositions of David Raff and Jessica Jones from Comsys.

[3] Ms. Shai retained two experts, Dr. Richard Edelman, an economic expert, and Steven Shedlin, a vocational expert.

("FMLA"), the prevailing party is entitled to attorneys fees.  See 42 U.S.C. § 12205; 29 U.S.C. § 2617(a)(3).  On September 24, 2003, the Court entered Judgment against Comsys and in favor of Ms. Shai, making Ms. Shai the prevailing party.

The award of attorneys fees under FMLA is mandatory when a party prevails.  29 U.S.C. § 2617(a)(3).  In the litigation before the Court, two of Ms. Shai's actionable counts sought damages from the defendant for violation of her rights under FMLA.  Ms. Shai's remaining claim before the Court involved disability discrimination under the ADA, which also provides for the recovery of attorney fees to the prevailing party.  42 U.S.C. § 12205.

The award of attorneys fees is for the Court to decide under the circumstances of the case. See Hensley v. Eckerhart, 103 S.Ct. 1933 (1983); McDonnell v. Miller Oil Company, Inc., 134 F.3d 638, 640 (4th Cir. 1998); Brinn v. Tidewater Transportation District Commission, 105 F. Supp.2d 500 (E.D. Va.), aff'd, 242 F.3d 277 (4th Cir. 2001).  In calculating the amount of the fee to be awarded under both the ADA and FMLA, the Court should determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.  McDonnell, 134 F.3d at 640; Brinn, 105 F. Supp. 2d at 503-507.  What constitutes a reasonable number of hours and rate is based a variety factors which the Court must considered when rendering its decision.  Id.  The factors include the time and labor expended; the novelty and difficulty of the questions raised; the skill required to properly perform the legal services; the customary fee for like work; the experience, reputation and ability of the attorney; the undesirability of the case within the legal community; the amount in controversy and the results; the nature and length of the professional relationship; the attorney's opportunity costs in pressing the instant litigation; and attorneys' fees awarded in similar cases.  Id.; Hensley, 103 S.Ct. at 1936-1941; see also Estes v. Meridian One Corporation, 6 Fed.

Appx. 142, 2001 WL 285076 (4th Cir.)(unpublished).

      Much of the protracted litigation in this case resulted from the decision of Comsys to fight Ms. Shai at each and every step of the litigation process.  Such a litigation strategy substantially increased Ms. Shai's attorneys' fees and failed to achieve Comsys's desired result - a dismissal of this case.  Ms. Shai initially attempted to proceed on her own behalf, but due to the multiple legal issues in her case, she required experienced legal counsel to represent her.  Her sleeping disorder and resultant disability presented a very unique disability issue for resolution, necessitating ultimately the retention of many medical experts.  The hourly rate charged by Ms. Shai's attorneys are customary in cases such as this.  Ms. Shai and her attorneys developed a solid business relationship which has lasted for more than 15 months.

      Ms. Shai attempted to resolve this matter earlier on and throughout this litigation, but Comsys failed to provide any settlement offer which could lead to the end of the litigation quickly.  Again, Comsys continued to employ a litigation strategy focused towards dismissing this case and not towards resolution of a case that could have been resolved very reasonably.

## CONCLUSION

      As the prevailing party in this litigation, Ms. Shai is entitled to reasonable attorneys fees for the work performed on her behalf.  Under the lodestar, her attorneys fees are reasonable based on the standards articulated by the courts.  Ms. Shai requests that this Court award her reasonable attorney fees in the amount of $57,000.00.

      Respectfully submitted,

      FARBER TAYLOR, LLC

      By: _____/s/_____

                                      Mindy G. Farber (#04054)
                                      R. Douglas Taylor, Jr. (#22542)
                                      Mary E. Henry (# 06195)
                                      One Central Plaza, Suite 808
                                      11300 Rockville Pike
                                      Rockville, Maryland 20850
                                      (301) 881-6800
                                      Counsel for plaintiff

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing was mailed first class, postage prepaid, on this _9th__ day of October, 2003, to the following:

Jack L. B. Gohn, Esq.
Gohn, Hankey & Stichel, LLP
201 North Charles Street, Suite 2101
Baltimore, Maryland 21201
Counsel for defendant


                                      _____/s/_____
                                      R. Douglas Taylor, Jr.