**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| HEATHER THOMPSON SHAI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. WMN 02-CV-335 |
| ) | |
| COMSYS INFORMATION TECHNOLOGY ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S**
**OPPOSITION TO PETITION FOR ATTORNEY'S FEES, OR**
**IN THE ALTERNATIVE, MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff, Heather Thompson Shai ("Ms. Shai"), by and through counsel, Mindy G. Farber,

R. Douglas Taylor, Jr., Mary E. Henry, and Farber Taylor, LLC, respectfully submits this

memorandum of points and authorities in support of her reply to defendant's opposition to her

petition for attorney's fees, or in the alternative, motion for relief from judgment. Ms. Shai states

as follows:

## I.        INTRODUCTION

On August 26, 2003, the defendant, Comsys Information Technology Services, Inc.

("Comsys"), through counsel, submitted to Ms. Shai, in writing, a Rule 68 Offer of Judgment in the

amount of $10,000.00, including costs. See Fed. R. Civ. P. 68. Within ten days, Ms. Shai accepted

the Offer of Judgment in writing. Id. The Court entered Judgment against Comsys and in favor of

Ms. Shai on September 24, 2003. As a prevailing party, Ms. Shai timely filed a petition for

attorneys' fees on October 9, 2003, seeking recovery of her attorneys' fees under the American with

Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"). Comsys now opposes

her petition for attorneys' fees, arguing, among other things, that the fees were included in its offer. Comsys seeks to renege on its offer, arguing mutual mistake. Any mistake in the offer was its alone.

## II.     PROCEDURAL BACKGROUND

Ms. Shai incorporates by reference the background and facts set forth in her petition for attorneys' fees.[1] To reiterate, on August 26, 2003, Comsys made the following offer of judgment:

> "COMSYS is willing to offer judgment in the amount
> of $10,000, including costs now accrued."

Neither Ms. Shai nor Comsys modified the Rule 68 offer. Comsys' offer, as it is written, clearly does not include attorneys' fees. The offer includes only costs.

When presented with the offer, Ms. Shai's counsel researched the parameters of the offer and the consequences of a decision to reject the offer, and she decided to accept the Rule 68 offer because a judgment would be entered against Comsys. After additional discussions with her counsel about filing a petition for attorneys' fees, Ms. Shai decided to proceed forward with her request.

## III. ARGUMENT

A.     **Comsys Rule 68 offer of judgment is entirely ambiguous as to whether attorneys' fees are included as part of its offer of "$10,000, including costs now accrued". The Court must construe Comsys ambiguous offer against the company.**

Rule 68 permits a defendant to make an offer of judgment with accrued costs to the plaintiff. Fed. R. Civ. P. 68. The plaintiff has 10 days to accept or reject the offer. Id. A Rule 68 offer is non-negotiable, and if rejected, the plaintiff will pay the defendants costs incurred from the time of

---

[1]Comsys complains vociferously about the amount of attorneys' fees. Yet, it chose to aggressively, and at times unreasonably, defend this case at each and every step as shown by its quibbling over words used in the complaint and request for a protective order. Comsys litigiousness significantly increased Ms. Shai's attorneys fees.

the offer, if the plaintiff fails to recover more than the offer at trial.  See e.g., Utility Automation 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc., 298 F.3d 1238 (11th Cir. 2002).

On August 26, 2003, Comsys made an offer of judgment "in the amount of $10,000.00, including costs now accrued."  Within 10 days of the offer, Ms. Shai accepted it without any negotiation.  In so doing, Ms. Shai gave up her important right to a jury trial, and did away with the uncertainty of what a judge or jury would do.  Ms. Shai now seeks payment of her attorneys' fees as a prevailing party which is in keeping with the ADA, the FMLA, and the opinions of the courts who have considered this issue.

Comsys  argues that a reading of its "offer letter reflects that its offer of $10,000, including costs now accrued" really should include attorneys' fees, despite its omission of any reference whatsoever to the inclusion of attorneys' fees in the four corners of its Rule 68 offer. Comsys' offer and Ms. Shai's acceptance resolved all Ms. Shai's disputed claims under the ADA, 42 U.S.C. § 12101 *et seq*. and the FMLA, 29 U.S.C. § 2601 *et seq*. and made her a prevailing party.[2]  Under the ADA's fee provisions, Ms. Shai, as a prevailing party, may recover  reasonable attorney's fees, litigation expenses, and costs.  See 42 U.S.C. § 12205.  Likewise, the fee provisions of the FMLA provide that in addition to any judgment awarded to a plaintiff, the court shall allow reasonable attorney's fees, reasonable expert witness fees, and other costs of the action to be paid by the defendant.  29 U.S.C. § 2617. (emphasis added)

Comsys's assertion that its Rule 68 offer included attorneys' fees is insupportable under the relevant case law.  In  Marek v. Estate of Chesney, 473 U.S. 1, 9 (1985), the Supreme Court

---

[2]Comsys does not disagree that Ms. Shai is a prevailing party.  Comsys brief at p.22.  See Utility Automation 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc., 298 F.3d 1238, 1248 (11th Cir. 2002); Webb v. James, 147 F.3d 617 (7th Cir. 1998).

3

addressed the meaning of the term "costs" in Rule 68, as well as considered the issue of whether attorneys' fees were included under the cost shifting provisions of Rule 68.  The Court held that the cost-shifting provision of Rule 68:

> was intended to refer to all costs properly awardable under the relevant substantive statute or other authority.  In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs."  Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorneys' fees, then the fees are part of the cost provisions of Rule 68.

Id. (emphasis added); see Utility Automation 2000, Inc., 298 F.3d at 1241; Minnick v. Dollar Financial Group, Inc., 52 Fed. R. Serv. 3rd 1347 (E.D.Pa. 2002) (2002 WL 1023101), citing Torres v. Metropolitan Life Ins. Co., 189 F.3d 331, 333 (3rd Cir. 1999).  Court have uniformly interpreted Marek to mean that a Rule 68 offer including "costs" does not mean the offer includes a recovery of attorneys' fees as part of costs when the governing statute allows for the recovery of attorneys' fees separate from costs.  Id.

Unlike the statutory scheme presented to the Court in Marek, both the ADA and FMLA statutes specifically provide for the prevailing party to recover attorneys' fees separately from costs. See Webb v. James, 147 F.3d 617 (7th Cir. 1998) (Congress did not define costs to included attorneys' fees in passing the ADA.).  Since the ADA and FMLA allow for the separate recovery of attorney fees, Ms. Shai, as the prevailing party, is well within her rights to ask this court to award her attorneys' fees.[3]

---

[3]In Tri-Star v. Samson, 8 F.3d 820, (4th Cir. (993.),1993 WL 421612 (unpublished), the court rejected a request for attorneys' fees after a Rule 68 offer had been accepted because attorneys' fees were clearly defined *as a component of costs* in the underlying statute.  In the present case, the underlying statutes direct the exact opposite, with attorneys fees by a separate

Comsys seeks to rely on general principles of contract law to have its offer rescinded. Unlike ordinary contracts, a Rule 68 offer imposes certain significant consequences on a plaintiff who rejects the offer. Webb, 147 F.3d at 620-21. Likewise, if a plaintiff accepts a Rule 68 offer, then she gives up certain valuable rights, including the right to a jury trial. Id. Thus, a Rule 68 offer should be and is treated differently than ordinary contracts. Id.

If there is any question of ambiguity in the Rule 68 offer tendered by Comsys, such ambiguity must be construed against the company, as the offerer. Id; see Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 833-34 (9th Cir. 1997); Utility Automation 2000, Inc., 298 F.3d at 1242; Minnick, 2002 WL at 1023101*3-7. Unlike the circumstances surrounding a normal negotiated settlement, the plaintiff in a Rule 68 offer can not seek clarification of the terms or make a counteroffer, but must either accept or reject the offer as presented. Id; See Utility Automation 2000, Inc., 298 F.3d at 1240. Once Comsys made the Rule 68 offer of judgment, Ms. Shai could either accept it as stated or reject it.

Comsys offered to have a judgment taken against it for $10,000.00, including costs now accrued. It is unclear from the offer given that Comsys intended its offer to include attorneys fees. If it did, it did not state that in its Rule 68 offer. Thus, if there is any ambiguity regarding Comsys's intent, the ambiguity should be construed against it, not only as the drafter, but also because Ms. Shai is being asked to give up her right to a jury trial. Id.; Nusom, 122 F.3d at 833-34; First Financial Insurance Co. v. Hammons, 58 Fed. Appx. 31, (4th Cir. (W. Va.), 2003 WL 264700

---

avenue of recovery from costs.

(unpublished);[4] <u>Minnick</u>, 2002 WL at 1023101*3-7.

Finally, once the plaintiff accepts a Rule 68 offer, the clerk of the court "shall enter a judgment" against the defendant under the language of Rule 68.  <u>See</u> Fed. R. Civ. P. 68; <u>Webb</u>, 147 F.3d at 621.  This mandatory language of the rule deprives the clerk and the trial court of any discretion to alter or modify the parties' agreement, and thus, of any ability to rescind the offer. <u>Webb</u>, 147 F. 3d. at 621.  In the instant case, the court should not grant the defendant's request to rescind the offer.

**B.    Comsys is not entitled to Rule 60 relief from the judgment entered against it, as there is no mutual mistake regarding the terms of the Rule 68 offer.  The only mistake is Comsys.**

Rule 60(b)(1) permits the court to relieve a party from a final judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect.  <u>See</u> Fed. R. Civ. Pro. 60(b)(1).[5]  Comsys's argument that it is entitled to relief from the judgment entered against it, because the parties are mutually mistaken as to the meaning of the terms of the offer, should be rejected.  There was no mutual mistake.  The issue is not whether there is a mutual mistake, but whether Comsys's Rule 68 offer is ambiguous.  Even assuming arguendo that the parties were mutually mistaken, as previously argued, Ms. Shai contends that the Rule 68 offer is ambiguous because it fails to indicate, mention, include, or otherwise make reference to the inclusion of attorneys' fees.  Because a Rule 68 offer is non-negotiable, and thus, unique when compared to normal settlement negotiations, Ms. Shai

---

[4]Unlike the facts in <u>First Financial Insurance Co. v. Hammons</u>, 58 Fed. Appx. 31  (4th Cir. 2003), 2003 WL 264700 (unpublished), where by the plaintiff primarily sought recovery of attorneys' fees in his counterclaim, Ms. Shai sought recovery of her lost wages, both past and future, as well as compensatory and punitive damages in her complaint.

[5]It does not appear from Comsys's argument that it intends to rely any other provisions of Rule 60 in this situation.

could not seek clarification of its terms.  See Utility Automation 2000, Inc., 298 F.3d at 1240.  She

could only accept or reject the as offer presented.  Id.  Thus, mutual mistake as to the terms of the

offer do not exist.  If there is a mistake, it is Comsys alone.

## IV.  CONCLUSION

The ADA and FMLA specifically allow for the recovery of attorneys' fees separate and apart

from the recovery of costs.  For ADA and FMLA attorneys' fees to be included as part of its Rule

68 offer, Comsys needed to be clear that it intended to include Ms. Shai's attorneys' fees in its offer.

It was not.  Since the statutory provisions allow Ms. Shai to recover attorneys' fees separately, Ms.

Shai rightfully filed a petition for attorneys fees.  Ms. Shai requests that the court deny Comsys

motion for relief from the judgment entered against it.

Respectfully submitted,

FARBER TAYLOR, LLC


By:  _____/s/_____
            Mindy G. Farber (#04054)
            R. Douglas Taylor, Jr. (#22542)
            Mary E. Henry (# 06195)
            One Central Plaza, Suite 808
            11300 Rockville Pike
            Rockville, Maryland 20850
            (301) 881-6800
            Counsel for plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed first class, postage prepaid,
on this _10th_ day of November, 2003, to the following:

Jack L. B. Gohn, Esq.
Gohn, Hankey & Stichel, LLP
201 North Charles Street, Suite 2101
Baltimore, Maryland 21201

7

Counsel for defendant

_____/s/_____
R. Douglas Taylor, Jr.