Not Reported in F.Supp.2d                                                                                                                Page 1
52 Fed.R.Serv.3d 1347
(Cite as: 2002 WL 1023101 (E.D.Pa.))

United States District Court, E.D. Pennsylvania.

Stacey MINNICK, Plaintiff,
v.
DOLLAR FINANCIAL GROUP, INC., et al.,
Defendants.

No. CIV.A. 02-1291.

May 20, 2002

*MEMORANDUM*

RONALD L. BUCKWALTER, Judge.

*1 Presently before the Court is Plaintiff Stacey Minnick's ("Plaintiff's") Motion for An Award of Attorney's Fees and Reimbursement of Expenses. For the reasons below, the motion is GRANTED.

I. FACTS

On March 13, 2002, Plaintiff brought suit against Defendants Dollar Financial Group, Inc. and National Money Mart, Inc. ("Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("CPL"), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* ("FCEUA"). The complaint requested relief in the form of actual damages, statutory damages, treble damages, costs, and attorney's fees. On April 11, 2002, pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68"), Defendants served a written offer of judgment upon Plaintiff's counsel ("the offer"). The offer stated that:

> [T]he defendants ... hereby offer, pursuant to Rule 68, Fed.R.Civ.P., to allow judgment to be taken against them in the amount of two thousand dollars ($2,000.00), with costs accrued to date.

On April 15, 2002, Plaintiff notified Defendants' counsel in writing that the offer was accepted, filed the offer and the notice of acceptance with proof of service, and requested that the clerk enter judgment against Defendants in accordance with the offer. Judgment was entered against Defendants that same day.

Plaintiff now argues that she is entitled to a separate award of attorney's fees, in addition to the $2,000 specified in the offer. She alleges she is entitled to such because the FDCPA and the CPL authorize, and the offer itself does not preclude, such an attorney's fee award. She fixes the amount of attorney's fees at $6,772.50, relying on the lodestar analysis established by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

Defendants contend that Plaintiff is not entitled to a separate award of attorney's fees above the $2,000 to which she is entitled. First, Defendants argue that the offer as written unambiguously precludes a separate award for attorney's fees. [FN1] In the alternative, they contend that both parties understood the offer to preclude a separate recovery for attorney's fees, and request that the Court hold an evidentiary hearing to consider extrinsic evidence on that issue. Finally, even if Plaintiff is entitled to fees, Defendants urge the Court to award only half of the fees requested because the Plaintiff was only partially successful.

> FN1. The nomenclature used by Defendants to describe their position is inconsistent. In their response to Plaintiff's motion, Defendants first argue in their brief that the offer *did not include* attorney's fees, but later in the same document (and the attached affidavit) contend that the offer *included* such fees. Ultimately, this distinction may be nothing more than semantics: however phrased, Defendants' position is that the offer, viewed as a whole, operates to preclude any separate award of attorney's fees (such as now requested by the Plaintiff) because it was intended *not to include* the right to a separate award for attorney's fees, and to *include* any attorney's fees to be recovered. To avoid confusion, the Court notes that it will consistently refer to Defendants' position as urging that the offer *precludes a separate award* of attorney's fees.

Plaintiff also argues that she is entitled to $436.00 in costs in addition to the $2,000. Defendants do not contest Plaintiff's right to costs in principle. However, Defendants argue that Plaintiff's

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d  
52 Fed.R.Serv.3d 1347  
(Cite as: 2002 WL 1023101 (E.D.Pa.))

Page 2

computer research expenses totaling $150.00 are not recoverable as costs under 28 U.S.C. § 1920. Therefore, they argue, Plaintiffs award of costs should be reduced by that amount, to $286.00.

II. DISCUSSION

A. Attorney's Fees

1. Plaintiff's Right to Attorney's Fees

*2 Attorney's fees are recoverable under both the FDCPA and the CPL. *See* 15 U.S.C. § 1692k(a)(3) & 73 P.S. § 201-9.2. The parties are in agreement on this point; the dispute between them as to whether attorney's fees are properly recoverable in this case does not concern these statutes. Rather, the dispute regarding attorney's fees centers around whether such an award is permitted under Rule 68 and the terms of the offer itself.

Rule 68 provides that "[a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued." Fed R. Civ. P. 68. If such an offer is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." *Id.* The purpose of Rule 68 is to encourage settlement and avoid litigation. *See Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). The rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits. *Id.*

The Supreme Court interpreted Rule 68 in *Marek*, and defined part of the legal landscape against which Plaintiff presses her case for fees and costs. In that case, the Supreme Court considered the question of whether "costs" included attorney's fees under Rule 68. [FN2] The court arrived at two significant holdings. First, the court held that under Rule 68, a valid offer of judgment always includes costs (whether or not it so specifies) because Rule 68 authorizes such an offer only with costs then accrued. *See Marek*, 473 U.S. at 6. Second, the Court held that "costs" includes attorney's fees only if fees are defined as costs under the relevant substantive statute or authority upon which the suit is premised. [FN3] *Id.* at 9.

> FN2. In *Marek*, unlike the case at bar, the plaintiff did not accept the offer of judgment. Therefore, the Supreme Court interpreted the term "costs" with an eye specifically toward Rule 68's provision that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." However, its explanation of that term is equally applicable to Rule 68's earlier instruction--at issue in this case--that an offer of judgment is extended "with costs then accrued."

> FN3. Under 42 U.S.C. § 1988, a prevailing party in a § 1983 action may be awarded attorney's fees "as part of the costs."

Under *Marek*, then, it is clear--and the parties agree--that Plaintiff in the case at bar is permitted to separately recover costs (in addition the $2,000 sum) pursuant to both the plain language of the offer ("with costs accrued to date") and the text of Rule 68. Under *Marek*, to determine whether these costs include an award for attorney's fees, the Court must look to the statutes under which Plaintiff brought suit. The parties also agree that none of these statutes define the attorney's fees to be awarded as part of the costs. Therefore, the "costs" part of the offer in this case does not include attorney's fees, and there is therefore no question that fees are not separately recoverable *as costs*.

According to Plaintiff, however, that is not the end of the analysis: simply because fees are not separately recoverable as costs does not necessarily mean that they are not separately recoverable under the offer and the relevant statutes at all. The question presented here is whether, and if so under what circumstances, attorney's fees are separately recoverable pursuant to an accepted Rule 68 offer of judgment when (1) the statute or authority upon which the lawsuit is brought does *not* include attorney's fees as costs (although it does authorize recovery of such fees), [FN4] and (2) the offer of

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d                                                                                             Page 3
52 Fed.R.Serv.3d 1347
(Cite as: 2002 WL 1023101 (E.D.Pa.))

judgment does not specifically either include or exclude attorney's fees. *Marek* provides no answer to this question. A handful of other courts have grappled with the issue, but the Third Circuit has not specifically addressed it.

> FN4. Under the logic of *Marek*, if the statute or authority upon which a lawsuit *does* define attorney's fees as part of costs, and a plaintiff accepted a Rule 68 offer of judgment (which must include costs then accrued), then fees are permitted to be recovered.

*3 Plaintiff's principal argument is that the offer is ambiguous on its face as to whether it included or excluded attorney's fees, and that this ambiguity should be construed against Defendants, the drafters. In support of her position, Plaintiff cites *Hennessy v. Daniels Law Office*, 270 F.3d 551 (8th Cir.2001). In that case, Plaintiff accepted a Rule 68 offer of "judgment in the amount of One Thousand Dollars ($1,000)" to settle a suit under the FDCPA. *Id.* at 553. The court held that the offer of judgment was ambiguous because the word "judgment," standing alone "can mean either the substantive relief ordered (whether legal or equitable), or that plus attorneys' fees." *Id.* at 553 (citing *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392 (7th Cir.1999)). Furthermore, the Eighth Circuit noted, the plain language of the FDCPA does not provide that attorney's fees are an element of damages to be proved at trial, such that use of the term "judgment" would prevent a separate award--or separate judgment--for fees. *Id.* The court then applied the "long standing principle of contract law that, absent parole evidence as to the meaning of an ambiguous term, ambiguous terms of a contract are construed against the drafter of the contract," and therefore permitted recovery of attorney's fees. *Id.* at 553-554.

Plaintiff also argues that, under Third Circuit precedent, a defendant seeking to extinguish the right to a separate award of attorney's fees bears the burden of clearly stipulating such in a settlement agreement. See *El Club Del Barrio, Inc. v. United Community Corps.*, 735 F.2d 98 (3d Cir.1984). In *El Cub Del Barrio*, that court established a bright line rule that if the "losing party wishes to foreclose a suit under section 1988 for attorneys fees, it must insist on a stipulation to that effect be placed in the settlement agreement." *Id.* at 101. In doing so, the court specifically rejected a "silence equals waiver" rule. *Id.* at 100. Plaintiff argues that this "silence equals waiver" rule is, in effect, the rule Defendants seek to apply in this case.

For their part, Defendants contend that the word "judgment" unambiguously operates to preclude a separate award of attorney's fees, in addition to $2,000 plus costs to which Plaintiff is entitled. Defendants rely on *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir.1997). In that case, like the case at bar, the offer of judgment accepted did not mention attorney's fees. *Id.* at 1213. Furthermore, like the case at bar, the court held that the statute upon which the suit was premised did not define attorney's fees as costs, and therefore under *Marek*, could not be awarded as costs. *Id.* at 1214. Without further analysis, the court held that the trial court could not make a separate award for attorney's fees. *Id.*

*4 As described above, *El Club Del Barrio* sets a high bar for defendants seeking to extinguish a plaintiff's statutory right to attorney's fees in the Third Circuit. That bar is clearly not met here, as attorney's fees are not mentioned at all in the offer. More recently, the Third Circuit affirmed how high this bar is. In *Torres v. Metropolitan Life Ins. Co.*, 189 F.3d 331, 333 (3d Cir.1999), that court considered settlement language much more expansive than the offer in this case, and declined to construe the settlement as waiving plaintiff's right to attorney's fees without an express stipulation on that point. [FN5] Therefore, the Court finds that, on its face, the offer is ambiguous, and does not clearly stipulate that it precludes a separate award for attorney's fees as required by *El Club Del Barrio* and its progeny.

> FN5. The settlement agreement in *Torres* read: "Without limitation, Plaintiff specifically releases all claims, charges or demands asserted or assertable in the Pending Lawsuit, and all claims, charges, or demands arising from or relating to Plaintiff's relationship of any kind with the Released Parties, including without limitation any rights or claims Plaintiff

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
52 Fed.R.Serv.3d 1347
(Cite as: 2002 WL 1023101 (E.D.Pa.))

Page 4

may have under Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991." *Torres,* 189 F.3d at 333. As noted above, the Third Circuit held that the language did not clearly waive the right to attorney's fees. *Id.*

Defendants' arguments that the word "judgment" in the offer unambiguously operates to preclude a separate award for attorney's fees are unavailing. The Third Circuit has recognized ambiguity to mean "intellectual uncertainty; ... the condition of admitting of two or more meanings, of being understood in more than one way, or referring to two or more things at the same time...." *Mellon Bank N.A. v. Aetna Business Credit,* 619 F.2d 1001, 1011 (3d Cir.1980). As Defendants state, under the Federal Rule of Civil Procedure 54, a judgment "includes a decree and any order from which an appeal lies." Fed.R.Civ.P. 54. However, in some cases, an award of attorney's fees may be an appealable order separate from an order granting substantive relief. *See Nordby,* 199 F.3d at 392. Therefore, "judgment," standing alone "can mean either the substantive relief ordered (whether legal or equitable), or that plus attorneys' fees." *Id.* It is quite reasonable that in the context of a Rule 68 offer of judgment, Defendants may have used the term intending to settle all liability against them, including attorney's fees. However, on its face, the term "judgment" is also capable of being reasonably understood in another way, such as to permit a separate recovery for attorney's fees.

As a result of this ambiguity, when attorney's fees are not part of the costs of an action under the underlying statute, and an offer of "judgment" is silent as to attorney's fees, such fees are not necessarily included or excluded on its face without additional clarifying language. *See Hennessy,* 270 F.3d at 553-554; *Nordby,* 199 F.3d 391-92. [FN6] *See also Nusom v. Comh Woodburn, Inc.,* 122 F.3d 830, 834 (9th Cir.1997). The Court declines, as Defendants request, to follow the 11th Circuit in *Arencibia.* That court did not appear to consider the possibility that the offer of judgment was ambiguous, or that attorney's fees might be recovered other than as part of the costs. Furthermore, that court was not bound by the strictures of *El Club Del Barrio.*

FN6. In *Nordby,* there was additional language in the offer of judgment that ultimately clarified that offer's meaning. However, as in *Hennessy* and *Nusom,* no such additional language is present in this case

*5 The Court recognizes that *El Club Del Barrio* and *Torres* construed plaintiffs' right to attorney's fees pursuant to negotiated settlements of civil rights suits. The case at bar, in contrast, involves the right to such fees pursuant to a Rule 68 offer of judgment accepted in a consumer protection action. Nevertheless, this Court does not believe these two distinctions render the teachings of *El Club Del Barrio* inapplicable.

First, Rule 68 offers of judgment that are accepted have a practical effect similar to settlements. As such, at least one other court in this circuit has held that *El Club Del Barrio* is applicable to an accepted Rule 68 offer of judgment, holding that "[a]lthough those cases considered the issue in the context of a negotiated settlement agreement and not in connection with a Rule 68 offer of judgment, we see no reason to distinguish those cases on that basis. We are of the view that the holdings of those cases apply with equal force to this case." *Laskowski v. Buhay,* 192 F.R.D. 480, 483 (M.D.Pa.2000). Furthermore, the Ninth Circuit also requires that waivers of attorney's fees in civil rights settlements be clear and unambiguous, *see Muckleshoot Tribe v. Puget Sound Power & Light Co.,* 875 F.2d 695, 698 (9th Cir.1989), and that court has chosen to apply that logic to Rule 68 offers as well. *See Erdman v. Cochise County,* 926 F.2d 877, 881-882 (9th Cir.1991).

Second, that *El Club Del Barrio* involved a civil rights suit, as opposed to consumer protection matter, also should make no difference. In *El Club Del Barrio,* the court explained that its holding was "guided primarily" by the Supreme Court's decisions in *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), and *Hensley, supra,* which held that a prevailing plaintiff seeking to recover attorney's fees under 42 U.S.C. § 1988 "should ordinarily recover an attorney's fee unless special circumstances would render an award unjust." *El Club Del Barrio,* 735 F.2d at 100 (citing *Hensley,*

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
52 Fed.R.Serv.3d 1347
(Cite as: 2002 WL 1023101 (E.D.Pa.))

Page 5

461 U.S. at 429). [FN7] Therefore, there is a heavy presumption that plaintiffs should recover attorney's fees under that statute. However, there is no less a presumption that attorney's fees are recoverable by a plaintiff under the FDCPA. The FDCPA states flatly that a defendant who fails to comply "*is* liable ... in the case of any successful action to enforce the foregoing liability, [for] the costs of the action, together with a reasonable attorney's fee...." 15 U.S.C. § 1692k(a) (emphasis added). The Third Circuit has interpreted this language to mean that, absent "unusual circumstances," an award of reasonable attorney's fees under the FDCPA is mandatory. *Graziano v. Harrison*, 950 F.2d 107, 113-114 (3d Cir.1991).

> FN7. 42 U.S.C. § 1988(b) provides that: "the court in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."

Furthermore, the Ninth Circuit extended its requirement that a waiver of attorney's fees in civil rights settlements needs to be clear and unambiguous to the context of Rule 68 offers *outside the civil rights area* in Nusom, supra. Nusom is therefore instructive not only because it is factually similar to the case at bar, but because it was decided within a circuit with precedent similar to *El Club Del Barrio*. In *Nusom*, Plaintiff accepted a Rule 68 offer "in the amount of $15,000, together with costs accrued to the date of this offer" to settle a suit under the Truth in Lending Act, 15 U.S.C. § 1640 ("TILA"), and a state civil racketeering statute. *Nusom*, 122 F.3d at 831-832. As here, those statutes authorized awards of attorney's fees, but neither defined attorney's fees as part of the costs. *Id.* at 832. The Ninth Circuit concluded that the accepted offer did not foreclose the plaintiff from seeking attorney's fees because it did not clearly and unambiguously waive or limit them. *Id.* at 832. This Court believes that, under *El Club Del Barrio*, it must reach the same conclusion in construing the face of the offer.

*6 Additionally, that court's comments on the equities of its decision apply equally here:
> This decision is not without difficulty. We recognize that in general, defendants making a Rule 68 offer contemplate a lump-sum judgment that represents their total liability. Otherwise, as the Supreme Court pointed out in *Marek*, 'they would understandably be reluctant to make settlement offers.' *Marek*, 473 U.S. at 6-7, 105 S.Ct. at 3014-15. At the same time, defendants are the master of what their Rule 68 offers offer. If there is any room for doubt about what is included, or excluded, when 'costs' are offered, the defendant can craft its offer to make clear the total dollar amount that it will pay.... In these circumstances, where the underlying statute does not make attorney fees part of costs, it is incumbent on the defendant making a Rule 68 offer to state clearly that attorney fees are included as part of the total sum for which judgment may be entered if the defendant wishes to avoid exposure to attorney fees in addition to the sum offered plus costs. We do not think this is an unreasonable burden, for it is within a defendant's power to make an offer to allow judgment to be taken against it 'to the effect specified in the offer.' Fed.R.Civ.P. 68. The offer, once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured. As such, defendants bear the brunt of uncertainty but easily may avoid it by making explicit that their offers do or do not permit plaintiffs to recover attorney fees.

*Nusom*, 122 F.3d at 833-834.

*7 All the cases cited *supra* agree that, in general, accepted Rule 68 offers are construed according to ordinary contract principles. *See, e.g., Taylor v. Chevrolet Motor Div. of General Motors Corp.*, No. 97-2988, 1998 WL 288434, at * 2 (E.D.Pa. June 3, 1998). Therefore, if the four corners of the offer are ambiguous (as this Court so holds in this case), a court should usually proceed to examine any extrinsic evidence offered by the parties as to its intended meaning, including holding an evidentiary hearing if there is a material conflict in the extrinsic evidence. *See Sumitomo Mach. Corp. of America, Inc. v. AlliedSignal, Inc.*, 81 F.3d 328, 335 (3d Cir.1996). Indeed, in many of the cases discussed *supra*, courts note that in interpreting the Rule 68 offer, before simply construing its ambiguity against the drafter, they (or trial courts) considered extrinsic evidence, or might have done so if such evidence had been offered by the parties. *See Hennessy*, 270

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d  
52 Fed.R.Serv.3d 1347  
(Cite as: 2002 WL 1023101 (E.D.Pa.))

Page 6

F.3d 551 at 554; *Webb v. James*, 147 F.3d 617, 623 (7th Cir.1998); *Nusom*, 122 F.3d at 834-835; *Trent v. Parkview Metals Prods.*, 157 F.R.D. 45, 47-48 (N.D.Ill.1994); *Erdman*, 926 F.2d at 879 n. 2. In this case, Defendants request that the Court look beyond the text of the offer and consider extrinsic evidence of the parties' intent as to its meaning. To this end, Defendants attach an affidavit of counsel regarding the parties' negotiating history that it contends establishes that the parties intended the offer to preclude a separate award of attorney's fees. Defendants also request an evidentiary hearing on the matter.

Were it able to consider such evidence, this Court might well agree with Defendants. However, under *El Club Del Barrio*, the Third Circuit laid down another bright line rule which binds this Court: extrinsic evidence of negotiations may not be considered to construe settlement agreements that are ambiguous or silent on the question of attorney's fees. *See El Club Del Barrio*, 735 F.2d at 100. That court recently reaffirmed that rule in *Torres*, permitting an award of attorney's fees even in light of clear evidence that one of the *plaintiff's* attorneys believed the settlement agreement precluded their recovery. "It does not matter whether the parties discussed the issue of attorney's fees or believed the settlement agreement waived such a claim. All that matters is whether the agreement expressly stipulates that the prevailing party's claim for fees is waived. If it does not, then the claim survives." *Torres*, 189 F.3d 331, 334. As such, this Court may not consider the affidavit or order an evidentiary hearing on the issue.

In light of all of the above, Plaintiff may recover reasonable attorney's fees.

2. Amount of Attorney's Fees

*8 A court has broad discretion in fashioning a reasonable award of attorney's fees under the FDCPA. *See Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir.1989). The "initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ( *citing Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). This method of calculating attorney's fees is known as the lodestar method. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). The lodestar amount is presumed to be reasonable. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).

A court may reduce the award of attorney's fees by an amount to be determined solely by the court, but only on the factors raised by the opposing party in objecting to the application for fees. *See Rode*, 892 F.2d at 1183. Excluded from the lodestar calculation are hours not reasonably expended, such as hours attributable to over-staffing, hours that appear excessive in light of the experience and skill of the lawyers, and hours that are redundant or otherwise unnecessary. *See Hensley*, 461 U.S. at 434. The court may also deduct from the award hours that are not adequately documented. *Id.* at 433.

The lodestar amount may also be downwardly adjusted to account for time expended litigating unsuccessful claims if the plaintiff was only partially successful in the underlying litigation. *Id.* at 434-37. This adjustment is not meant to maintain any ratio or proportionality between the amount of damages and attorney's fees, but, rather, to assure that fees are awarded only to the extent that the litigant was successful. *See Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1042 (3d Cir.1996). The amount of this downward adjustment can be determined in two ways: the "district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436-37.

In this case, Plaintiff has submitted a lodestar amount of $6,772.50, along with the required documentation as to how that figure was calculated. Defendants object to an award of that amount on two grounds: first, that the hours expended by counsel were not reasonable, and second, that the plaintiff was only partially successful. Defendants request that the lodestar amount be reduced by half.

First, Defendants object to the hours expended by plaintiff's counsel. However, they fail to specifically indicate which, if any, hours were excessive,

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
52 Fed.R.Serv.3d 1347
(Cite as: 2002 WL 1023101 (E.D.Pa.))

Page 7

redundant or otherwise unnecessary. In support of this contention, Defendants simply attack the merits of Plaintiff's claims under the statutes at issue. Defendants may well be correct as to the merits, but they do not cite any authority under which the Court might reduce the fee award on that basis. Furthermore, the number of attorney-hours submitted, 16.5, is not on its face unreasonable.

*9 Second, Defendants allege that the Plaintiff was only partially successful in this litigation. This is clearly grounds for reducing the lodestar amount. See Hensley, 461 U.S. at 434-37. More specifically, "the amount of damages *awarded*, when compared to the amount of damages *requested*, may be one measure of how successful the plaintiff was...." Washington, 89 F.3d at 1042. Defendants' argument is that in light of the damages requested, Plaintiff was only partially successful because she received only $2,000. [FN8]

> FN8. To the extent that Defendants' argument is simply that the amount of the fee requested is too high when compared to the smaller damage sum received by the Plaintiff, it is clear that the Court may not consider the relationship between the two when calculating the appropriate fee award. See Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1042 (3d Cir.1996)

Plaintiff requested in her complaint and could have received at trial: (1) actual damages under both the FDCPA and the CPL; [FN9] and (2) statutory damages under the FDCPA up to $1,000. [FN10] She also sought trebling of her actual damages, permitted at the discretion of the Court under 73 P.S. § 201-9.2(a). The problem with Defendants' argument is that nowhere in the complaint--or anywhere else--does Plaintiff put a dollar amount on the damages she requested so as to provide a basis for comparison with the damages she received.

> FN9. Actual damages are permitted under 15 U.S.C. § 1692k(a)(1) and 73 P.S. § 201-9.2(a).

> FN10. Statutory damages are provided for at 15 U.S.C. § 1692k(a)(2)(A).

As a result, comparing her request to the sum she received is only guesswork. Plaintiff construes her award to be the $1,000 maximum statutory award under the FDCPA, plus $1,000 for her actual damages under the FDCPA and the CPL. If her actual damages originally claimed were only one-third of the $1,000 allegedly received for actual damages (before trebling by the Court under the CPL), then $2,000 could reasonably be considered the maximum she could possibly have been awarded. On the other hand, if Plaintiff's actual damages originally claimed were for a much higher amount, an argument could be made that Plaintiff was only partially successful. But there is no way to tell. On the record before it, Court cannot conclude that Plaintiff was only partially successful.

The Court will therefore award Plaintiff the full amount of attorney's fees requested, $6,772.50. As discussed *infra*, the Court will add $150.00 to these attorney's fees to cover computerized legal research, for a total fee amount of $6,922.50.

B. Costs

As noted *supra*, there is no dispute as to Plaintiff's right to recover costs under the plain language of the offer and Rule 68. As to costs, the only matter in dispute between the parties is whether Plaintiff's computerized legal research expenses of $150.00 are properly recoverable as costs. Defendants contend that these expenses are not recoverable as costs under 28 U.S.C. § 1920. [FN11] Plaintiff does not challenge this assertion in its reply.

> FN11. That statute provides that a judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d  
52 Fed.R.Serv.3d 1347  
(Cite as: 2002 WL 1023101 (E.D.Pa.))

title;  
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."  
28 U.S.C. § 1920.

In her complaint, Plaintiff asserted causes of action under both federal and state statutes. However, because an award of costs other than attorney's fees is not a matter of substantive state law, federal law governs the question of the types of costs to be awarded. *See Regier v. Rhone-Poulec Rorer, Inc.*, No. 93-4821, 1995 WL 395948 at *9 (E.D.Pa. June 30, 1995). The Court's authority to tax costs under the FDCPA is defined by Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. *See Cook v. VFS, Inc.*, No. C-3-96-191, 2000 WL 33727940 at (S.D.Ohio Sept. 27, 2000).

*10 Although district courts have the discretion under Rule 54(d) to decline to tax certain costs enumerated in 28 U.S.C. § 1920 against the losing party, the Supreme Court has made clear that they may include as costs only those items specifically enumerated in that statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Computerized legal research expenses are not included as costs under 28 U.S.C. § 1920. *See supra* note 11. Therefore, this Court is not permitted to make an award of costs for computerized research expenses under that statute. *See, e.g., Boyadjian v. CIGNA Cos.*, 994 F.Supp. 278, 281-82 (D.N.J.1998), *aff'd*, 203 F.3d 816 (3d Cir.1999); *Nugget Distrib. Coop. of America, Inc. v. Mr. Nugget, Inc.*, 145 F.R.D. 54, 58-59 (E.D.Pa.1992). These expenses are more accurately considered part of the attorney's fees. *Id.* As a result, the Court will add $150.00 to the attorney's fees to be recovered by Plaintiff for computerized legal research expenses.

Defendants do not object to any of the remaining costs asserted by Plaintiff. Therefore, the Court will award costs to the Plaintiff in the amount of $286.00.

An appropriate order follows.

### ORDER

AND NOW, this 20th day of May 2002, upon consideration of Plaintiff Stacey Minnick's Motion for An Award of Attorney's Fees and Reimbursement of Expenses (Docket No. 7), Defendants Dollar Financial Group, Inc. and National Money Mart, Inc.'s opposition thereto (Docket No. 8), and Plaintiff's reply (Docket No. 9), it is hereby ORDERED that Plaintiff's motion is GRANTED.

It is further ORDERED that Plaintiff is awarded $6,922.50 for attorney's fees and $286.00 in costs associated with the above-captioned lawsuit to be paid for by Defendants.

2002 WL 1023101 (E.D.Pa.), 52 Fed.R.Serv.3d 1347

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works