8 F.3d 820 (Table)
RICO Bus.Disp.Guide 8405
**Unpublished Disposition**
(Cite as: 8 F.3d 820, 1993 WL 421612 (4th Cir.(Va.)))

Page 1

C
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA4 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals,
Fourth Circuit.

TRI-STAR Management Group, Limited,
*Plaintiff-Appellant,*
v.
KEVIN C. SAMSON; Patrick W. Samson; Connie M. Durst; Samson Financial Group, Incorporated; Samson Associates, Incorporated,
*Defendants-Appellees.*
Envoy, Incorporated, *Plaintiff-Appellant,*
v.
KEVIN C. SAMSON; Patrick W. Samson; Connie M. Durst; Samson Financial Group, Incorporated; Samson Associates, Incorporated,
*Defendants-Appellees.*

No. 92-1247.
No. 92-1274.
Submitted: June 11, 1992.
Decided: October 20, 1993.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.

Brien A. Roche, Jon E. Shields, Johnson & Roche, McLean, for Appellant.

John M. Bredehoft, Elaine C. Bredehoft, Charlson & Bredehoft, P.C., for Appellees.

E.D.Va.

VACATED AND REMANDED

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

PER CURIAM:

OPINION

**1 Tri-Star Management Group, Ltd. (Tri-Star) and Envoy, Inc. (Envoy) appeal the district court's denial of their applications for attorney's fees on the ground that attorney's fees do not constitute costs under either the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, or the Virginia Conspiracy Act, Va. Code Ann. § 18.2-499 *et seq.* We vacate and remand for an award of reasonable attorney's fees.

I

Envoy, a courier/messenger delivery and document dispatch business, and Tri-Star, a business development and management consulting firm which provided operation and management services to Envoy, filed these actions in state court on October 31, 1991, as a result of a business dispute with Samson Financial Group Inc. (Financial) and Samson Associates, Inc. (Associates). Named as defendants were Financial, Associates, and four individual defendants. [FN*] Claiming violations of RICO, Va. Code Ann. § 18.2-499, and state common law, the plaintiffs demanded damages from defendants in amounts ranging from $250,000 to well over $1,000,000, plus interest, costs, and attorney's fees.

On November 26, 1991, defendants removed the actions to federal court and made offers of judgment pursuant to Fed. R. Civ. P. 68. Envoy's offers ranged from $100 to $250, "with costs now accrued," and Tri-Star's offers ranged from $100 to $1100,"with costs now accrued." On December 6, 1991, all plaintiffs accepted the offers of judgment. Pursuant to Rule 68, the district court clerk on December 12, 1991, entered judgments against each defendant,"with costs accrued."

On December 17, 1991, Tri-Star and Envoy filed bills of costs. Envoy and Tri-Star claimed costs of $819 and $3459, respectively. Included in Envoy's costs were attorney's fees of $600, while TriStar's

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

8 F.3d 820 (Table)
RICO Bus.Disp.Guide 8405
Unpublished Disposition
(Cite as: 8 F.3d 820, 1993 WL 421612 (4th Cir.(Va.)))

Page 2

costs included $3300 in attorney's fees. Envoy and Tri-Star claimed that attorney's fees were recoverable as costs under both 18 U.S.C. § 1964(c) and Va. Code Ann. § 18.2-500.

The district court clerk disallowed both claims for attorney's fees but allowed other amounts claimed as costs. Plaintiffs subsequently moved for an award of attorney's fees pursuant to the bills of costs. Defendants opposed the motions, contending that attorney's fees were not taxable as costs because neither statute defined costs as including attorney's fees.

On January 31, 1992, the district court entered orders denying plaintiffs' requests for attorney's fees. The court determined that the language in neither statute was "sufficiently unambiguous to overcome the presumption that ... fees are not recoverable as costs." TriStar and Envoy appeal this decision.

II

Under the American Rule, the attorney's fees of a prevailing party ordinarily are not taxable as costs. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247-55 (1975). As an exception to this rule, various statutes called fees-as-costs statutes authorize the award of attorney's fees to the prevailing party as part of costs. *See, e.g.,* 42 U.S.C. § 1988 (civil rights cases); 5 U.S.C.§ 552a(g)(2)(B) (Privacy Act); 15 U.S.C. § 15(a) (Clayton Antitrust Act).

**2 In *Marek v. Chesny*, 473 U.S. 1 (1985), the Supreme Court considered the relation between the American Rule, the statutory exceptions thereto, and Fed. R. Civ. P. 68, which permits a defending party to "serve upon the adverse party an offer to allow judgment to be taken against the defending party ..., with costs then accrued." The rule does not define "costs," and the history of the rule sheds no light on the intended meaning of the word. However, the Court noted that the drafters of Rule 68 were fully aware of the various statutory exceptions to the American rule. *Marek v. Chesny*, 473 U.S. at 8-9.

The Court concluded that, "absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." *Marek v. Chesny*, 473 U.S. at 9. *Marek* was a 42 U.S.C. § 1983 action. A prevailing party in a § 1983 lawsuit may be awarded attorney's fees "as part of the costs." 42 U.S.C. § 1988. Because § 1988, the "underlying statute," expressly states that attorney's fees are costs, the Supreme Court found that attorney's fees were "subject to the cost-shifting provision of Rule 68." *Marek v. Chesny*, 473 U.S. at 9.

*Marek* requires that we decide whether the underlying statutes in the subject appeal define costs to include attorney's fees. We examine, in turn, 18 U.S.C. § 1964(c) and Va. Code Ann. § 18.2-500.

A

Successful RICO plaintiffs may recover attorney's fees:
> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor ... and shall recover threefold the damages he sustains *and the cost of the suit, including a reasonable attorney's fee.*

18 U.S.C. § 1964(c) (emphasis added). Our analysis focuses on the meaning of the phrase "including a reasonable attorney's fee." We are convinced that, defendants' arguments notwithstanding, attorney's fees constitute a cost under the statute.

A court's task in interpreting a statute "is to give effect to the will of Congress, and, where its will has been expressed in reasonably plain terms, 'that language must ordinarily be regarded as conclusive.' " *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)). A statute's words are to be given their ordinary, everyday meaning unless there is a convincing reason to treat them otherwise. *Caminetti v. United States*, 242 U.S. 470, 485-86 (1917).

To "include" is defined as "to comprise as a discrete or subordinate part or item of a larger aggregate, group, or principle." *Webster's Third New Int'l Dictionary* (1971). Plainly, then,

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

8 F.3d 820 (Table)
RICO Bus.Disp.Guide 8405
**Unpublished Disposition**
(Cite as: 8 F.3d 820, 1993 WL 421612 (4th Cir.(Va.)))

Page 3

attorney's fees under § 1964(c) are a component of costs, as opposed to an entity separate and distinct from costs. Plaintiffs point to nothing in the legislative history of RICO that would cause us to question that this literal interpretation of "including" produces a result at odds with the intent of Congress in drafting § 1964(c).

**\*3** Defendants strongly suggest that where, as here, the underlying statute does not explicitly state that fees are to be awarded as part of costs, *Marek* holds that the statute cannot be found to define fees as costs. Actually, *Marek* is to the contrary and in accord with our construction of the statute.

In demonstrating that the drafters of Rule 68 were aware of statutory exceptions to the American rule, the Court identified several fees-as-costs statutes in effect at the time the Rule went into effect. The Court first mentioned the Communications Act of 1934, the Railway Labor Act, and the Copyright Act of 1909, all of which provided that attorney's fees could be awarded as "part of the costs." *Marek v. Chesny*, 473 U.S. at 8.

The Court stated that when Rule 68 was drafted, "other statutes contained similar provisions that included attorney's fees as part of awardable costs." *Marek v. Chesny*, 473 U.S. at 8. Two of the "similar provisions" identified by the Court were in Section 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k, which permitted "the costs of such suit, including reasonable attorney's fees," and Section 9(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78i, which allowed "costs, including reasonable attorneys' fees." *Marek v. Chesny*, 473 U.S. at 8. Clearly, under *Marek*, a statute, such as § 1964(c), which awards "the cost of the suit, including a reasonable attorney's fee," contemplates that fees are a form of, rather than independent of, costs.

B

The Virginia statute provides:
 (a) Any person who shall be injured ... by reason of a violation of § 18.2-499, may sue therefor and recover three-fold the damages by him sustained, and the costs of the suit, including a reasonable attorney's fee to plaintiff's counsel....
 (b) Whenever a person shall duly file a bill in chancery in the circuit court ... alleging violations of the provisions of § 18.2-499 and praying that such party defendant be restrained and enjoined from continuing the acts complained of, such court shall have jurisdiction ... to decree damages and costs of suit, including reasonable counsel fees to complainants' and defendants' counsel.
Va. Code Ann. § 18.2-500. As was the case with RICO, plaintiffs argue that attorney's fees are a separate entity from costs, both because fees are not termed part of costs and alternatively because a comma separates the words "suit" and "including." For the reasons stated in our discussion of § 1964(c), we find that the plain meaning of § 18.2-500 is that fees are a component of costs. We discern no reason for giving the language other than its ordinary meaning.

III

We accordingly hold that, under *Marek*, because the underlying statutes, 18 U.S.C. § 1964(c) and Va. Code Ann. § 18.2-500, clearly define attorney's fees as a component of costs, defendants' attorney's fees are subject to the cost-shifting provision of Rule 68.

The judgment of the district court is vacated, and the case is remanded for a determination of reasonable attorney's fees pursuant to this opinion and *Marryshow v. Flynn*, 986 F.2d 689 (4th Cir. 1993).

**\*4** *VACATED AND REMANDED*

  FN\* Defendant Elaine Lederman was not served in the state court, and thus was not a party to this lawsuit or to this appeal.

8 F.3d 820 (Table), 1993 WL 421612 (4th Cir.(Va.)), RICO Bus.Disp.Guide 8405 Unpublished Disposition

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Westlaw Attached Printing Summary Report
for
TAYLOR, DOUGLAS 4266393 Wednesday, September 03, 2003 13:38:40 Central

(C) 2003. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2003 West, a Thomson business. No claim to orig. U.S. govt. works."Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN. WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.

| | |
|---|---|
| Request Created Date/Time: | Wednesday, September 03, 2003 13:38:00 Central |
| Client Identifier: | SHAI |
| Database: | CTA |
| Citation Text: | 8 F.3d 820 (Table) |
| Lines: | 196 |
| Documents: | 1 |
| Images: | 0 |