IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

HEATHER THOMPSON SHAI,

    Plaintiff

    v.                              Case No. WMN 02-CV-335

COMSYS INFORMATION TECH-
NOLOGY SERVICES, INC.,

    Defendant

DEFENDANT'S REBUTTAL MEMORANDUM IN OPPOSITION
TO PETITION FOR ATTORNEY'S FEES
AND REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR RELIEF FROM JUDGMENT

Ms. Shai's defense of her claim for attorney's fees really comes down to a single, obviously flawed argument: that the letter offering judgment was ambiguous. She reaches this conclusion by treating the entire two-page letter as if it consisted of a single sentence. That is not the way legal documents are construed, nor the way ambiguity is discerned. Properly viewed, the letter is unambiguous. The burden would in any case have rested on Ms. Shai to clear up the supposed ambiguity; absent such efforts by Ms. Shai, under general contract law the letter meant what COMSYS believed it to mean, and should be enforced subject to that understanding. All the conclusions that Ms. Shai urges as built upon the letter's supposed ambiguity are therefore without foundation.

In the alternative, there was no meeting of the minds, and under general principles of contract law the letter should be rescinded and the judgment based upon it vacated. Ms. Shai's argument that this Court is without power to grant relief from judgment runs contrary to Fourth Circuit precedent. This Court does have the power to grant relief from judgment, and the circumstances clearly warrant such relief.

*The Letter Is Not Ambiguous*

COMSYS pointed out before that *First Financial Ins. Co. v. Hammons*, 58 Fed.Appx. 31, 2003 WL 264700 (4th Cir. 2003), essentially establishes a rule that where attorney's fees are claimed throughout the complaint and they are substantial, a Rule 68 offer is deemed to include them without explicit mention, and questions of ambiguity simply do not arise. Ms. Shai's only response, buried in Note 4 on Page 6 of her memorandum, is that she sought a number of other forms of relief as well as attorney's fees, whereas attorney's fees were the main form of relief sought in *First Financial*. And it is true that the determination in *First Financial* that attorney's fees were included in the offer was reached in light of the fact that the claim "is comprised, in substantial part, of attorney's fees." 2003 WL 264700 *3. Ms. Shai's argument might have more force, however, if the Fourth Circuit had not used the word "substantial" but had said "exclusive" instead. (And indeed the Fourth Circuit specifically noted that the *Hammons* claim was *not* simply for attorney's fees.) The Fourth Circuit just did not require that

attorney's fees be the only form of remedy sought. It did require that they be "substantial."

Here the record unmistakably establishes that the attorney's fees sought were "substantial" within the meaning of *Hammons*. In the settlement negotiations, they had beyond any doubt become the tail that wagged the dog. They were much greater than Ms. Shai's realistic potential recovery under all other potential forms of relief. There would have been no use to COMSYS in offering judgment without resolving that piece of the claim.

Consequently, the question of ambiguity should not even arise. But it if did arise, then Ms. Shai's arguments would not withstand scrutiny. As was chronicled in the preceding Memorandum, the offer letter explained at length why attorney's fees would be low, as a way of inducing Ms. Shai to accept the offer. Such an explanation could have had no function or purpose if those explicitly mentioned and discussed attorney's fees were not included in the offer. The extraneous circumstances made it even clearer that attorney's fees were included. The letter was therefore not in the least ambiguous.

Ms. Shai argues tacitly that the Court should base its determination as to ambiguity on a single sentence in the letter, and ignore the rest. Thus her absurd statement that "the Rule 68 offer ... fails to indicate, mention, include, or otherwise make reference to the inclusion of attorney's fees." Memorandum at 6. That is not the way contract offers are construed in this State, nor, to the extent federal common law exists,

in this Circuit. *Bailer v. Erie Ins. Co.*, 344 Md. 515, 521-22, 687 A.2d 1374, 1378 (1997) (court determining whether ambiguity is found in insurance contracts, like other contracts, "is to examine the instrument as a whole, focusing on the character, purpose and circumstances surrounding the execution of the contract," and construe it against insurer "only when an ambiguity remains after considering the intentions of the parties from the policy as a whole and, if necessary, after admitting and considering any relevant parol evidence"); *In re Eagleston*, 236 B.R. 183, 190 (Bankr. D. Md. 1999) (suggesting federal common law on determining the existence *vel non* of ambiguity does not differ). As noted in the earlier memorandum, this principle of determining the presence or absence of ambiguity from a review on the letter as a whole and from surrounding circumstances is given application in the *Nordby* case.[1]

---

[1]  It is interesting that Ms. Shai relies heavily upon *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238 (11th Cir. 2992). That case gives *Nordby* an interpretation which is even more favorable to COMSYS than is the interpretation COMSYS has given it. The *Utility Automation* court reads *Nordby* as reaching its result based upon the fact that attorney's fees are automatic under the statute in issue there, the Illinois Sales Representative Act. Hence, according to *Utility Automation*, an offer of judgment in such an action automatically includes attorney's fees. Were the principles *Utility Automation* perceives to be at work in *Nordby* applicable to this case (and Judge Traxler's concurrence in *First Financial* strongly suggests that in this Circuit those principles *do* apply), then pretty much as a matter of law, an offer of judgment in a case brought under either FMLA or ADA would have to include attorney's fees. After all, both statutes include automatic attorney's fees (fees which are *not* costs and therefore not included in that fashion).

Whether this Court follows *Nordby* (a Seventh Circuit ruling) or *First Federal* (a Fourth Circuit ruling), the letter should be understood to include attorney's fees.[2]

Moreover, even if there were an ambiguity, under these circumstances the letter would not be construed against COMSYS. Where the offeror does not see the ambiguity in an offer it has made and the offeree does see it,[3] the rule of construction against the offeror does not apply unless the offeree makes reasonable efforts to obtain clarification; absent such efforts by the offeree, the offeror's understanding governs.[4]

Ms. Shai argues that she should have been excused from inquiring because she "could not seek clarification of [the offer letter's] terms," Memorandum at 6-7, citing

---

[2] Ms. Shai's point that *Marek v. Chesney*, 473 U.S. 1 (1985) holds that an offer including "costs" does not mean the offer includes attorney's fees as part of costs except where the statute provides that attorney's fees are included within costs, is correct only as far as it goes. But it goes nowhere relevant. COMSYS has never contended that the "costs" item in its offer letter included attorney's fees. Rather, attorney's fees were offered by all of the language discussing attorney's fees.

[3] Though at times Ms. Shai seems to be saying that the offer unambiguously excludes attorney's fees, most of the time she seems to be saying that it *was* ambiguous. For instance, the caption to Subdivision III.A. of her argument reads: "**Comsys Rule 68 offer of judgment is entirely ambiguous as to whether attorneys' fees are included as part of its offer of '$10,000, including costs now accrued'. The Court must construe Comsys ambiguous offer against the company.**" Ms. Shai should be viewed as having perceived an ambiguity, whether or not it objectively existed.

[4] "Where one of the parties knows of the ambiguity and the other does not, and he does nothing to clarify the agreement though he must know that the other party may attach the alternative meaning to the ambiguous term than the meaning he himself attaches to it, he is bound on the contract in accordance with the interpretation placed by the other party upon the ambiguous expression used." L. Simpson, Handbook of the Law of Contracts §42 at 63-64 (1965).

*Utility Automation*, Note 1, *supra*, 298 F.3d at 1240. It is true that *Utility Automation* contains language suggesting that a Rule 68 offeree is barred from seeking clarification. However, the Eleventh Circuit's extreme interpretation of Rule 68 in *Utility Automation* has no discernable basis in the language of the Rule, or in common sense. And such an interpretation has been explicitly rejected in the Eighth Circuit. *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402 (8th Cir. 1988) ("to allow preacceptance clarification of incomplete or ambiguous Rule 68 offers serves the offeror's and court's interests as well [as the offeree's]"). It appears to have no force in the Seventh Circuit, *U.S. v. Hendricks*, 1993 WL 226291, *2 (N.D.Ill.)[5] or in the Second Circuit. *Boorstein v. City of New York*, 107 F.R.D. 31, 34 (S.D.N.Y. 1985) (ambiguous Rule 68 offers should be "clarified"). It should be evident that the purposes served by the Rule are only strengthened if the offeree has a chance to confer with the offeror and establish what the offeror meant by supposedly ambiguous or unclear terms. And the overall purpose of the Rules enshrined in Rule 1 ("[t]hese rules .... shall be construed and administered to secure the just ... determination of every action") can only be frustrated if the parties are not allowed to confer and clear up possible ambiguities, if games of "gotcha" are facilitated or even mandated, and windfalls are awarded to the sneaky.

---

[5] "Before the plaintiff can make an informed decision on whether to accept the [Rule 68] offer or press his case to trial, he must first clarify its precise terms. A ten day irrevocability rule addresses this issue by enabling all parties to freely discuss and clarify the terms of the offer, without running the risk of prematurely or inadvertently rejecting the offer."

Accordingly, the offer letter was not ambiguous, did include attorney's fees, and did extinguish the claim for attorney's fees underlying the petition, which should therefore be denied.

*In The Alternative, Rule 60 Relief Is Available*

To review the bidding, it appears that Ms. Shai now admits she did not understand the offer to exclude attorney's fees,[6] but only considered it ambiguous. But on the other hand, COMSYS and its counsel clearly understood the offer to include attorney's fees. Assuming the accuracy of each side's statement as to its understanding, there was no meeting of the minds. It has been established since the landmark British case of *Raffles v. Wichelhaus*, 2 H. & C. 906 (1864), the famous case about the two ships both named Peerless, that where a term in the offer is ambiguous, unless both sides understand the ambiguity the same way, there is no resulting contract.[7] This is obviously equitable.

---

[6]     See Note 3, above.

[7]     Restatement (Second of Contracts) §153 provides, in full:

> Where a mistake of one party at the time a contract was made as to a basic assumption on which he made the contract has a material effect on the agreed exchange of performances that is adverse to him, the contract is voidable by him if he does not bear the risk of the mistake under the rule stated in § 154, and (a) the effect of the mistake is such that enforcement of the contract would be unconscionable, or (b) the other party had reason to know of the mistake or his fault caused the mistake.

See also Comment c, Illustration 6, based on the Peerless case. None of the § 154 factors (agreement as to risk allocation, assumption of risk based on limited knowledge, or fairness) applies here. Instead, both § 153 factors (a) and (b), unconscionability and the other party's knowledge (Ms. Shai apparently admitting that she viewed the offer as

Only under the most extreme circumstances should a party be held to a contract it did not understand itself to be making. Where there was no real reliance, those extreme circumstances do not exist. Ms. Shai's apparent contention that she understood the letter to be ambiguous (if the Court accepts that Ms. Shai was actually so blind to the true import of the letter) establishes the reason she should have cleared up the alleged ambiguity, not a basis for rewarding her with what the letter (at best from her standpoint) may possibly have meant.

Ms. Shai argues that this Court lacks the authority under Rule 60 to vacate a judgment entered pursuant to Rule 68. Whatever the force of that argument elsewhere,[8] it clearly does not apply in the Fourth Circuit. Here it is clear that courts do have that authority. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1240 (4th Cir. 1989) (vacating

---

ambiguous) apply. And Ms. Shai is no worse off than if she had declined the offer, since she regains her right to jury trial.

[8] The notion, expressed in some other Circuits, that Rule 60 relates only to the revisory power of court over its own actions, and not to its revisory power over the actions of the parties (which in that view, the ministerial entry of judgment under Rule 68 merely formalizes), ignores the very broad language of Rule 60(b). That language allows for relief from judgment "upon such terms as just", for a broad range of reasons, including (with no limitation as to whether these things relate to the invocation of the court's authority or whether they relate to the actions of the parties in other contexts) "mistake, inadvertence, surprise, or excusable neglect" and "any other reason" without limitation "justifying relief from the operation of judgment." Courts have for centuries had the authority to relieve parties of the burdens of unconscionable contracts and the power to revise their own dockets; the cases upon which Ms. Shai relies suggest, against all logic, that as soon as unconscionable contracts are entered into judgment under Rule 68 courts lose both their revisory powers over unconscionable contracts and their revisory powers over their own dockets. Clearly the Fourth Circuit will have none of this thoughtless outlook.

an offer under Rule 68, and stating that had a judgment been entered under Rule 68, court would have had authority to revoke it under Rule 60(b)).

Accordingly, if the Court will not enforce the offer of judgment as it was in fact written and meant, denying the petition for attorney's fees, then it should relieve COMSYS of this onerous burden, give Ms. Shai back her right to trial by jury, and allow the case to proceed.

                                            /s/
                       Jack L. B. Gohn, Bar No. 02823
                       Gohn, Hankey & Stichel, LLP
                       Suite 2101
                       201 North Charles Street
                       Baltimore, Maryland 21201
                       Telephone: 410-752-0412
                       Telecopier: 410-752-2519
                       jgohn@ghsllp.com
                       Attorney for Defendant COMSYS
                       Information Technology Services, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of November, 2003, a copy of the aforegoing was served by e-mail upon:

Douglas Taylor, Esq.
Mary Henry, Esq.
Farber Taylor, LLC
1 Central Plaza
11300 Rockville Pike, Suite 808
Rockville, Maryland 20852-3010

/s/<br>Jack L. B. Gohn

0004661.wpd