```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

HEATHER THOMPSON SHAI            :
                                 :
v.                               :   Civil Action No. WMN-02-335
                                 :
COMSYS INFORMATION               :
 TECHNOLOGY SERVICES, INC.       :
```

**MEMORANDUM**

  Before the Court is Plaintiff's Motion for Attorney's Fees, Paper No. 46. Defendant has opposed the motion, and Plaintiff has replied. Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion should be denied.[1]

  Plaintiff suffers from a sleep disorder. She brought this action alleging that she experienced discrimination in her employment on account of that disability. The scope of her initial complaint was expanded several times by amendment, but was then narrowed by previous rulings of this Court. By the time that this case was in a posture for trial, it encompassed a claim for termination under the Americans with

---

  [1] Also pending are two peripheral motions: Plaintiff's Motion to Strike Defendant's Surreply, Paper No. 51; and Defendant's Motion for Leave to File a Surreply, Paper No. 52. The Court finds that Plaintiff first raised issues and advanced arguments in her Reply memorandum that were appropriately addressed in Defendant's surreply. Accordingly, the Court will grant Defendant's motion for leave to file, and deny Plaintiff's motion to strike.

Disabilities Act (ADA), a claim for termination under the Family and Medical Leave Act (FMLA), and a claim for retaliation under the FMLA.

On August 26, 2003, Defendant submitted to Plaintiff a written offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure which stated, in part, that "COMSYS is willing to offer judgment in the amount of $10,000, including costs now accrued." Plaintiff accepted this offer in writing within the ten days specified in Rule 68, and on September 24, 2003, the Court entered judgment in favor of Plaintiff "in the amount of $10,000, including costs."

In the pending motion, Plaintiff now asks that the Court award her $57,000 in attorney's fees. Plaintiff contends that the Court's entry of judgment in her favor renders her the prevailing party and she further contends that, under both the ADA and the FMLA, the award of attorney's fees to the prevailing party is mandatory. Defendant opposes the motion, arguing that the language of the Rule 68 offer of judgment, as well as the context in which that offer was made, clearly indicated that the offer of judgment was all-inclusive, and that it fully encompassed any award for attorney's fees to which Plaintiff might be entitled. For the reasons that follow, the Court concludes that Plaintiff is not entitled to

any additional award of attorney's fees.

Under Rule 68, a defendant may make an offer of judgment in lump sum form. Marek v. Chesny, 473 U.S. 1, 6-7 (1985). The Ninth Circuit has recognized that this is the typical situation: "in general, defendants making a Rule 68 offer contemplate a lump-sum judgment that represents their total liability." Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 833 (9th Cir. 1997). In arguing that, in this instance, the $10,000 judgment offered by Defendant did not include attorney's fees, Plaintiff relies on a single sentence of the Rule 68 offer letter, specifically, the sentence quoted above: "COMSYS is willing to offer judgment in the amount of $10,000, including costs now accrued." Because this sentence does not specifically state that attorney's fees are included in the $10,000 figure, Plaintiff argues that the offer is ambiguous. See Reply at 2 ("Comsys Rule 68 offer of judgment is entirely ambiguous as to whether attorney's fees are included as part of its offer of '$10,000, including costs now accrued.'") Because under the prevailing case law, any ambiguity in an offer of judgment must be construed against the drafter of the offer, see, e.g., Nusom, 122 F.3d at 833, Plaintiff concludes that she did not waive the right to seek attorney's fees when she accepted that "ambiguous" offer.

3

There is ambiguity in Defendant's offer only if one ignores the remainder of the letter from which Plaintiff extracted the above-quoted sentence. The Rule 68 offer letter, in its entirety, states as follows:

> Dear Douglas,
>
> Please consider this letter a formal offer of judgment under Rule 68, F.R.Civ.P. While this letter can of course be offered in evidence in any proceeding under Rule 68, everything said here is without prejudice for purposes of evidence before the finder of fact as to questions of liability.
>
> COMSYS is willing to offer judgment in the amount of $10,000, including costs now accrued.
>
> We believe this is a generous offer, given your client's slim likelihood of prevailing, and her equally slim likelihood of obtaining substantial attorney's fees if she does prevail.
>
> You must acknowledge that you have no claims arising out of anything but Ms. Shai's termination. Failure to accommodate was eliminated from the case by Judge Nickerson's rulings. You do not, as a matter of law of the case, have a claim that Ms. Shai should have been allowed to work with accommodation up until the date of her termination, no matter how culpable Comsys' failure to accommodate could have been. Moreover, you do not have a claim for consequential damages to Ms. Shai's later career resulting from that alleged failure to accommodate.
>
> All you have, at most, are claims arising from Ms. Shai's termination. But

for Ms. Shai to be a candidate for any damages thereunder, she would have had to have been ready, willing and able to work the day after her termination (or, for FMLA purposes, the day after her maximum FMLA leave ran out). Her own doctors have clearly reported that she was not. This means that the maximum lost wages for which Ms. Shai could be eligible would be the approximate three weeks short-term disability she would have accrued had she continued to collect STD during the period between her termination and the expiration of her maximum FMLA period. Needless to say, our offer of judgment is for a sum approximately double STD for that period plus interest and costs.

And, that fact, in turn, means that you are highly, highly unlikely to collect substantial attorney's fees. You must be aware of the precedent from the Fourth Circuit (and indeed the District of Maryland) which often limited reasonable attorney's fees to the amount recovered. You must also be aware that in the Fourth Circuit where it is foreseeable that damages will be zero or negligible, attorney's fees are sometimes denied. You should also be aware of Fourth Circuit precedent that FMLA does not support nominal damages, and that a party showing only nominal damages under FMLA is not a prevailing party for attorney's fees purposes.

I would therefore propose that you consider the accompanying offer of judgment adequate, no matter how far short of your client's hopes it may fall. And the offer, as provided by Rule 68, is only good for ten days.

I look forward to hearing from you.

Very truly yours,

Jack L.B. Gohn

By definition, a contract is ambiguous if it is reasonably open to being given one or more meanings. See Chambers v. Manning, 169 F.R.D. 5, 7 (D. Conn. 1996)(concluding that offer language was ambiguous because "[i]t may reasonably be interpreted as excluding, or as including, attorney's fees"). In determining whether an ambiguity exists, however, an offer of judgment, like any other contract, must be considered as a whole, not as isolated terms deprived of their context within the overall document. See Norby v. Anchor Hocking Packaging Co., 199 F.3d 390, 392 (7th Cir. 1999) (noting that while term "judgment" could mean either the substantive relief ordered, or that relief plus attorneys's fees, other language in the offer rendered that term, and thus the entire offer, unambiguous). This Court has read and re-read this Defendant's offer of judgment and, as hard as the Court has tried, it cannot find any other reasonable meaning or purpose in the portions of the letter not referenced by Plaintiff except to communicate that the $10,000 figure includes attorney's fees.

After setting out the $10,000 figure, Defendant proceeds to argue why this is a generous offer. Defendant explains why any recovery on the merits would likely be negligible, but

then goes on, as part of its argument to convince Plaintiff to accept this offer, to explain why, under Fourth Circuit precedent, an award of attorney's fees, if any, would be severely limited.  As Defendant amply demonstrates in opposing Plaintiff's motion, there is simply no reasonable explanation for Defendant's inclusion of this discussion of attorney's fees in the offer letter if the $10,000 did not include attorney's fees.  While Plaintiff repeatedly asserts that there is an ambiguity in the offer, Plaintiff's reply is deafeningly silent as to how this letter would make any sense were attorney's fee not included.

    Viewing the offer of judgment as a whole, the Court finds no ambiguity.  Obviously, it would have been preferable if Defendant had included express language in the particular sentence upon which Plaintiff has seized stating that attorneys' fees were included.  Had Defendant done so, it could have avoided this additional post-judgment litigation. The Court will not, however, permit Plaintiff to exploit the simple lack of that express language to deprive Defendant of the clearly understood benefit of their bargain.  See Norby, 199 F.3d at 392 (rejecting a "magic-words approach" in favor of an approach that gives effect to an unambiguous offer even

7

if it does not mention attorney's fees explicitly).[2]

A separate order consistent with this memorandum will issue.

```
                              /s/
                    William M. Nickerson
                    Senior United States District Judge
```

---

[2] Defendant makes an additional argument that the term "costs" included attorney's fee as a matter of law. Opp. at 18-19 (citing First Financial Ins. Co. v. Hammons, 58 Fed. Appx. 31 (4th Cir. 2003)). Because the Court finds that the remainder of the letter makes it clear that attorneys fees were included, it need not reach that argument.

Defendant also supplies considerable detail as to the negotiations that led up to this offer, and then argues that this background further demonstrates the lack of any ambiguity in the offer itself. Some courts have allowed consideration of extrinsic evidence regarding settlement negotiations to clarify ambiguity in offers of judgment. See, e.g., Hennessy v. Daniels Law Office, 270 F.3d 551 (8th Cir. 2001). Other courts, however, adopt the bright line rule that extrinsic evidence of negotiations may not be considered. See, El Club Del Barrio, Inc. v. United Community Corp., 735 F.2d 98, 100 (3rd Cir. 1984). The Fourth Circuit has not directly addressed this issue. Again, because this Court finds that the language of the offer of judgment, taken as a whole, is unambiguous, it need not reach the issue of whether evidence concerning the parties' negotiations could be used to resolve ambiguous language in the offer of judgment itself.

```
Dated: March 22, 2004
```